1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13   HOWELL HSIEH                              Case No.:  19-cv-01691 W (AHG)

14                              Plaintiff,
                                              **ORDER: (1) DENYING IN PART**
15   v.                                       **DEFENDANT STERICYCLE, INC'S**
                                              **MOTION [DOC. 7] AND**
16   FCA US LLC; STERICYCLE, INC.,            **(2) GRANTING DEFENDANT FCA'S**
                                              **MOTION TO DISMISS [DOC. 8]**
17                              Defendants.    **WITHOUT LEAVE TO AMEND**

18

19

20          Pending before the Court are Defendants FCA US LLC's and Stericycle Inc.'s

21   motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court decides

22   the matters on the papers submitted and without oral argument.  Civ. L.R. 7.1(d)(1).

23          For the reasons stated below, the Court **DENIES IN PART** and **GRANTS IN**

24   **PART** Defendant Stericycle, Inc.'s motion [Doc. 7] and **GRANTS** Defendant FCA US

25   LLC's' motion [Doc.  8] **WITHOUT LEAVE TO AMEND**.

26   //

27   //

28   //

                                            1

## I. BACKGROUND

According to the Complaint, on September 8, 2019, Plaintiff purchased a 2018 Jeep Grand Cherokee, "which was manufactured and or distributed by Defendant." (*Compl.*[1] ¶ 4.) The vehicle was covered by an express written warranty "in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." (*Id.* ¶ 5.)

During the warranty period, Plaintiff experienced problems with the vehicle. These included a "rapid popping sound from the engine area of the Vehicle, engine failure while driving and/or engine 'die' while driving, lack of power and/or no power, no start, all while on public roadways." (*Compl.* ¶ 6.) Plaintiff alleges that "Defendant and its representatives" have been unable to repair the vehicle, and that "Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff…." (*Id.* ¶ 7.)

On August 1, 2019, Plaintiff filed this lawsuit against Defendants FCA US LLC and Stericycle Inc. in the San Diego Superior Court. (*See Compl.*) The Complaint asserts thirteen causes of action for: (1) Violation of California Civil Code § 1793.2(d); (2) Violation of California Civil Code § 1793.2(b); (3) Violation of California Civil Code § 1793.2(a)(3); (4) Breach of Express Warranty under Cal. Civ. Code § 1794; (5) Breach of Implied Warranty under Cal. Civ. Code § 1794; (6) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; (7) Fraud by Omission; (8) Fraud–Concealment; (9) Intentional or Negligent Misrepresentation; (10) Fraud– Concealment; (11) Negligence; (12) Violation of California Business & Professions Code § 17200; and (13) Conspiracy. On September 5, 2019, Defendants removed the case to this Court. (*See Notice of Removal.*) Defendant Stericycle, Inc. now seeks to dismiss the Complaint for failure to state a claim, and Defendant FCA US, LLC seeks to dismiss the tort causes of action.

---

[1] A copy of the Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit B [Doc. 1-3].

19-cv-01691 W (AHG)

## II.  LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

Well-pleaded allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Leave to amend should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). However, denial of leave to amend is appropriate when such leave would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997).

## III.  REQUEST FOR JUDICIAL NOTICE

Defendant Stericycle Inc. requests judicial notice of the fact that "Stericycle is not

an automobile manufacturer, and is not the manufacturer of the subject vehicle, a Jeep Grand Cherokee." (*P&A* [Doc. 7-1] 4:10–12.) In support of this request, Stericycle also seeks judicial notice of a document printed from its website that describes its business. (*See RJN* [Doc. 7-3] 2:2–5, Ex. A.) Stericycle contends the fact—the type of business in which it is involved—is "a matter of common knowledge within this Court's territorial region," and is "readily ascertainable through its website." (*P&A* 4:10–14.)

Federal Rule of Civil Procedure 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. 201(b)(1)-(2). Under this rule, a court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).

Here, Stericycle has not cited cases that are analogous to this case. None of Stericycle's cases took judicial notice of a party's website in order to establish the type of business in which it was involved. In contrast, numerous cases have denied judicial notice of a party's documents because they are not a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In Victaulic Col. v. Tieman, 499 F.3d 227 (3rd Cir. 2007), the Third Circuit explained why judicial notice of documents on a defendant's website is not appropriate:

> … a company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value. *Cf. Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir.1993) (distinguishing between mere puffery and actual misrepresentations). Thus courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of "sources whose accuracy cannot reasonably be questioned," Fed.R.Evid. 201(b), that our judicial notice rule contemplates.

Id. at 236; see also Ladore v. Sony Computer Entertainment America, LLC, 75 F.Supp.3d

1065, 1074 (N.D. Cal. 2014) (refused to take judicial notice of defendant Sony Computer Entertainment America, LLC's Terms of Service and/or Software Licenses because documents not the type whose "accuracy cannot be reasonably questioned."); <u>Ibey v. Taco Bell Corp.</u>, 2012 WL 2401972, * 1 (S.D.Cal. 2012) (LinkedIn page and Mobil Marketing Association U.S. Consumer Best Practices are not documents sources whose accuracy cannot be reasonably questioned).

Additionally, Stericycle has not provided authority for the proposition that its business is a matter of "common knowledge" within this district. For these reasons, the Court will deny Stericycle's request for judicial notice.

## IV. DISCUSSION

### A. Because the Complaint alleges that Stericycle is a "manufacturer" of the vehicle, the Song-Beverly Act causes of action are properly pled.

Stericycle argues the first six causes of action for violation of the Song-Beverly Act must be dismissed because Stericycle is not a "manufacturer" of Plaintiff's vehicle. (*P&A* 4:21–6:5.) This argument is dependent on Stericycle's unsuccessful request for judicial notice. Because the Complaint alleges that Stericycle is a manufacturer (*Compl.* ¶ 4), Plaintiff has sufficiently alleged causes of action for violation of the Song-Beverly Act against Stericycle.

### B. Plaintiff's tort claims are barred by the economic-loss rule.

Defendant FCA argues that Plaintiff's tort-based causes of action (six through 11) are barred by California's economic-loss rule. (*FCA's P&A* 3:9–6:19.) The Court agrees.

The economic loss rule provides that "where a purchaser's expectations in a sale are frustrated, because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic loss.'" <u>Robinson Helicopter Co., Inc. v Dana Corp.</u>, 34 Cal.4th 979 (2004) (citation omitted). The rule has been

19-cv-01691 W (AHG)

"applied to bar a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form *of physical harm* (i.e., personal injury or property damage)." North American Chemical Co. v. Superior Court, 59 Cal.App.4th 764, 777 (1997). Thus, "in actions arising from the sale or purchase of a defective product, plaintiffs seeking economic losses must be able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence." Ladore v. Sony Computer Entertainment America, LLC, 75 F.Supp.3d 1065, 1075 (N.D. Cal. 2014) (quoting North American Chemical Co., 59 Cal.App.4th at 780.)

Here, the Complaint does not allege that Plaintiff suffered physical injury or that there was any physical damage to property other than the subject vehicle. Thus, his tort causes of action are barred by the economic loss rule.

Plaintiff nevertheless argues the economic loss rule does not apply because of an exception established in Robinson Helicopter Co., Inc. v Dana Corp., 34 Cal.4th 979 (2004). (*See Opp'n* [Doc. 12] 9:11–10:3.) In Robinson, 34 Cal.4th 979, plaintiff purchased sprag clutches from defendant that were used in the manufacture of helicopters. The clutches were ground to a specified hardness that was approved by the Federal Aviation Administration (FAA) and could not be altered without FAA approval. With each shipment of clutches, the defendant provided plaintiff with a written certification that the clutches conformed to plaintiff's written specifications. At some point, however, defendant changed the level of hardness without notifying plaintiff and the new clutches experienced a significantly higher failure rate. When defendant finally disclosed the change, the FAA required plaintiff to recall and replace the clutches at a cost exceeding $1.5 million. Plaintiff then sued defendant for breach of contract, breach of warranty and negligent and intentional misrepresentations. The jury found in favor of plaintiff on all causes of action and awarded $1,555,924 in compensatory damages and $6 million in punitive damages.

19-cv-01691 W (AHG)

On appeal, defendant argued plaintiff's tort claims were barred by the economic loss rule. The California Supreme Court rejected the argument and held the rule did not bar plaintiff's "fraud and intentional misrepresentation claims because they were independent of [defendant's] breach of contract." Id. at 991. Focusing on defendant's issuance of the false certificates of conformance, the Court reasoned that defendant

> unquestionably made affirmative misrepresentations that [plaintiffs] justifiably relied on to its detriment. But for [defendant's] affirmative misrepresentations by supplying the false certificates of conformance, [plaintiff] would not have accepted delivery and used the nonconforming clutches over the course of several years, nor would it have incurred the cost of investigating the cause of the faulty clutches. Accordingly, [defendant's] tortious conduct was separate from the breach itself, which involved [defendant's] provision of the nonconformant clutches. In addition, [defendant's] provision of faulty clutches exposed [plaintiff] to liability for personal damages if a helicopter crashed and to disciplinary action by the F.A.A. Thus, [defendant's] fraud is a tort independent of the breach.

Id. The Court emphasized, however, that its "holding today is narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Id. at 993.

Plaintiff's tort claims do not fit within the narrow exception established in Robinson. To begin with, Plaintiff's claims are based exclusively on omissions, not affirmative misrepresentations. (See Opp'n 1:27–2:1, 3:22–26, 5:7, 5:25–26, 7:1–8, 7:11–21.) This alone precludes the exception.

Additionally, the Complaint fails to plead a tort based on conduct independent of the breach of contract / warranty. In Robinson, the misrepresentation was based on defendant's provision of the false certificates of conformance, not the breach of the parties' contract. Here, all of Plaintiff's tort claims are based on Defendants' failure to fix Plaintiff's vehicle as required by the warranty.

Plaintiff's damages are also exclusively economic. While he argues the safety risks he was exposed to amount to personal injuries, he does not identify any actual harm

suffered as a result of the risks. In contrast, the plaintiff in <u>Robinson</u> incurred actual harm, including the cost of investigating the cause of the faulty clutches, the recall expenses, and replacement of the recalled clutches.

Plaintiff also contends he should be given leave to amend to the extent the Complaint's allegations are simply unclear. (*Opp'n* 10:6–12.) But his allegations are not unclear. Rather, the facts alleged in the Complaint establish that the economic loss rule bars his tort claims.

As emphasized throughout his opposition, this lawsuit involves alleged omissions, not affirmative misrepresentations. This alone precludes Plaintiff's ability to avoid the economic loss rule. Nor is the Complaint vague about Plaintiff's damages, which are strictly economic, or the basis for the proposed tort claims, which arise from the same conduct constituting the breach of contract / warranty. For these reasons, leave to amend is not warranted.

## V.    CONCLUSION AND ORDER

For the reasons stated below, the Court **DENIES IN PART** and **GRANTS IN PART** Defendant Stericycle, Inc.'s motion [Doc. 7] and **GRANTS** Defendant FCA US LLC's' motion [Doc. 8] **WITHOUT LEAVE TO AMEND**. The tort-based causes of action (seven through eleven) set forth in the Complaint are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: February 20, 2020

Hon. Thomas J. Whelan
United States District Judge

19-cv-01691 W (AHG)